

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed March 3, 2014**

_____
**United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| PEDRO MARTINEZ | § | CASE NO. 13-70325-HDH-13 |
| BRENDA SUE MARTINEZ | § | |
| DEBTOR(S) | § § | CHAPTER 13 |
| | § | HEARING DATE: FEBRUARY 12, 2014 |
| WELLS FARGO BANK, N.A. | § | |
| MOVANT | § | HEARING TIME: 10:30 AM |
| | § § | |

### AGREED ORDER MODIFYING STAY

The Court finds that Wells Fargo Bank, N.A. (hereinafter referred to as "Movant"), a secured creditor in this matter, has filed a Motion for Relief from Stay of Act Against Property ("Motion") concerning the collateral described as 3805 Parker Boulevard, Wichita Falls, Texas 76302 (the "Property") and more particularly described in the deed of trust; that all required notices of the Motion and hearing thereon have been properly served; and that the parties have agreed to modification of the 11 USC §362(a) stay with respect to the Property. Debtor(s) have defaulted in the performance of certain obligations to Movant.

**IT IS THEREFORE ORDERED THAT:**

1. The 11 USC §362(a) stay as to Movant, its successors and/or assigns, in accordance with the parties'

AGREED ORDER MODIFYING STAY                                                                                        1
7702-N-3552

agreement, is hereby MODIFIED, and shall remain in effect provided Debtor(s) comply with the following conditions:

a. Debtor(s) shall resume making all future monthly payments to Movant as they become due commencing with the March 1, 2014 payment, each payment to be timely made in accordance with the terms and provisions of the loan documents between Movant and Debtor(s). Payments should be paid to Wells Fargo Bank, N.A., One Home Campus / BK PMT PROC / MAC #X2302-04C, Des Moines, Iowa 50328.

b. A post-petition arrearage exists and is itemized as follows:

| Description | Unit Amount | Total Amount |
|---|---|---|
| Regular Payment: 10/01/2013 | $886.07 | $886.07 |
| Regular Payment: 11/01/2013 | $886.07 | $886.07 |
| Regular Payment: 12/01/2013 | $886.07 | $886.07 |
| Regular Payment: 01/01/2014 | $886.07 | $886.07 |
| Regular Payment: 02/01/2014 | $886.07 | $886.07 |

c. Debtor(s) shall cure the post-petition arrearage currently due to Movant for the month(s) of October 2013 through and including February 2014 in the total amount of $4,430.35, by allowing Movant to file a Supplemental Proof of Claim in the amount of $4,430.35, which is to be paid through the Chapter 13 Plan.

d. Within 30 days of the entry of this order or at the time of the Trustee's Recommendation Concerning Claims and Plan Modification (the "TRCC"), whichever is later, Debtor(s) shall complete the modification of the Chapter 13 Plan with respect to Movant to include provisions for payment of the sum of $4,430.35, the post-petition arrearage claim referenced in paragraph 1(b) of this order.

e. Debtor(s) shall remain current on those payments arising under the terms of the Chapter 13 plan.

2. Debtor(s)' tendering of a check to Movant which is subsequently returned due to an insufficiency of funds in the account upon which the check is drawn shall not constitute a "payment" as that term is used in Paragraph 1 of this Order.

3. Debtor(s)' subsequent modification of the Plan in response to a notice of default under this Order provided by Movant to Debtor(s) shall not constitute the curing of default described in such notice of default.

4. In the event that Debtor(s) fail to comply with any of the conditions set forth in Paragraph 1 of this Order, and upon Movant's providing to Debtor(s) and Debtor(s)' Attorney written notice of the noncompliance, by

first class and certified mail, and upon Debtor(s)' failure to cure the noncompliance within eleven (11) days from the date of the written notice, the 11 USC §362(a) stay as to Movant, its successors and/or assigns, shall be terminated without notice or order of the Court, and Movant, its successors and/or assigns, shall be permitted to exercise any rights granted to it by the loan documents with respect to the Property including, but not limited to, the execution of a non-judicial foreclosure sale of the Property. Debtor(s)' right to notice is expressly limited to two (2) events of noncompliance. Upon the third (3rd) event of noncompliance, the 11 USC §362(a) stay as to Movant, its successors and/or assigns, shall be terminated without further notice or order, and Movant, its successors and/or assigns, shall be permitted to exercise its rights stated herein. Movant shall notify Trustee if stay terminates and Trustee shall cease payments to Movant.

5. If the automatic stay is terminated as to the Property, Movant must provide written notice by regular U.S. mail to the Debtor(s), Debtor(s)' Attorney, and the Trustee. Once the Trustee receives such notice, no further disbursements will be made on Movant's claim until an amended claim is filed by Movant.

6. In the event the Debtor(s) convert to a Chapter 7 during the pendency of this bankruptcy case, the Debtor(s) shall cure all arrearage due to Movant by the date of entry of the Order converting the case. Should the Debtor(s) fail to timely cure said arrearage, Movant may abandon the terms of this agreement, and the 11 USC §362(a) stay, if any is in effect, shall terminate without further notice or order of the Court, and Movant, its successors and/or assigns, shall be free to exercise any rights granted to it by the loan documents with respect to the Property including, but not limited to, the execution of a non-judicial foreclosure sale of the Property.

7. In the event that the stay terminates as to the Property, Movant is relieved of the requirements set forth in FRBP 3002.1(b) and FRBP 3002.1(c) with respect to the Property.

IT IS FURTHER ORDERED that the provisions of Bankruptcy Rule 4001(a)(3) are waived and the Order shall be in full force and effect upon signature of this Court.

### END OF ORDER ###

AGREED TO AND APPROVED BY:


\_\_/s/Monte White_____
Monte J. White / TBN 00785232
Monte J. White & Associates, P.C.
1106 Brook Avenue
Hamilton Place
Wichita Falls, Texas  76301
(940) 723-0099
(940) 723-0096 (Telecopier)
Attorney for Debtor(s)

## /s/Brenda Martinez

\_/s/Sammy Hooda_____
Cristina Platón Camarata / TBN 16061560
Michael J. Burns / TBN 24054447
Sammy P. Hooda / TBN 24064032
Attorneys and Counselors
P. O. Box 829009
Dallas, Texas  75382-9009
(972) 643-6600
(972) 643-6698 (Telecopier)
Email: BkcyAttorneys@BuckleyMadole.com
Attorney for Wells Fargo Bank, N.A.


\_/s/Marc McBeath_____
Walter O'Cheskey
6308 Iola Avenue
Lubbock, Texas  79424
Chapter 13 Trustee